ELLEN F. ROSENBLUM
Attorney General of Oregon
BENJAMIN GUTMAN
Solicitor General
ROBERT A. KOCH
Assistant Attorney General
1162 Court St.
Salem, Oregon 97301
Telephone: (503) 378-4402

Counsel for State Defendants-Appellees

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARK FITZ; GRAYGUNS, INC.; G4 ARCHERY, LLC; SECOND AMENDMENT FOUNDATION; FIREARMS POLICY COALITION, INC., <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> ELLEN ROSENBLUM, In her official capacity as Attorney General of the State of Oregon; TERRI DAVIE, In her official capacity as Superintendent of the Oregon State Police, <br><br> Defendants - Appellees. | U.S.C.A. No. 23-35478 |
| DANIEL AZZOPARDI; SPORTSMAN'S WAREHOUSE INC., <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> ELLEN ROSENBLUM, In her official capacity as Attorney General of the State of Oregon; TERRI DAVIE, In her official capacity as Superintendent of the Oregon State Police, <br><br> Defendants - Appellees. | U.S.C.A. No. 23-35479 |

Page 1 - MOTION TO HOLD APPEAL IN ABEYANCE AND TO SUSPEND THE BRIEFING SCHEDULE
RAK:aw2\932272862

| | |
|---|---|
| KATERINA B. EYRE; TIM FREEMAN; MAZAMA SPORTING GOODS; NATIONAL SHOOTING SPORTS FOUNDATION, INC.; OREGON STATE SHOOTING ASSOCIATION,<br><br>    Plaintiffs - Appellants,<br><br>v.<br><br>ELLEN ROSENBLUM, In her official capacity as Attorney General of the State of Oregon; TERRI DAVIE, In her official capacity as Superintendent of the Oregon State Police,<br><br>    Defendants - Appellees,<br><br>and<br><br>OREGON ALLIANCE FOR GUN SAFETY,<br><br>    Intervenor-Defendant - Appellee. | U.S.C.A. No. 23-35539 |
| OREGON FIREARMS FEDERATION, INC., an Oregon public benefit corporation; BRAD LOHREY, Sherman County Sheriff; ADAM JOHNSON, an individual; CODY BOWEN, Union County Sheriff; BRIAN WOLFE, Malheur County Sheriff; HAROLD RICHARD HADEN, Jr., an individual; KEVIN STARRETT; TERRY ROWAN; BRIAN PIXLEY; DAMIAN BUNTING,<br><br>    Plaintiffs - Appellants,<br><br>v.<br><br>KATE BROWN, Governor of the State of Oregon; ELLEN ROSENBLUM, Attorney General of | U.S.C.A. No. 23-35540 |

Page 2 - MOTION TO HOLD APPEAL IN ABEYANCE AND TO SUSPEND THE BRIEFING SCHEDULE
    RAK:aw2\932272862

Department of Justice
1162 Court St NE
Salem, OR  97301
(503) 378-4402

the State of Oregon, in both their official and personal capacities; TERRI DAVIE, In her official capacity as Superintendent of the Oregon State Police,

  Defendants - Appellees,

    and

OREGON ALLIANCE FOR GUN SAFETY,

  Intervenor-Defendant - Appellee.

## MOTION TO HOLD APPEAL IN ABEYANCE AND TO SUSPEND THE BRIEFING SCHEDULE

  The Oregon state Defendants-Appellees move to hold these consolidated appeals in abeyance, and to suspend the briefing schedule, pending this Court's en banc resolution of *Duncan v. Bonta*, No. 23-55805 (9th Cir.). *Duncan* is currently scheduled for en banc oral argument the week of March 18, 2024. And as explained below, one of the primary questions of law presented in this case is now squarely before the *Duncan* en banc court. Holding these appeals in abeyance pending *Duncan* thus would conserve considerable judicial resources, promote judicial economy, and greatly benefit the parties. Intervenor-Defendant-Appellee joins in this motion; Plaintiffs-Appellants oppose the motion.

Page 3 - MOTION TO HOLD APPEAL IN ABEYANCE AND TO SUSPEND THE BRIEFING SCHEDULE
  RAK:aw2\932272862

Department of Justice
1162 Court St NE
Salem, OR  97301
(503) 378-4402

A.   Background

1.   Proceedings in this case

Oregon voters enacted Ballot Measure 114 in the November 2022 general election.  Broadly, Measure 114:  (1) prohibits the purchase and restricts the use of large-capacity magazines ("LCMs"), defined as ammunition feeding devices with a capacity of more than 10 rounds; and (2) requires a permit to purchase firearms.  Four sets of plaintiffs sued state officials challenging the federal constitutionality of the measure.  *Or. Firearms Fed'n, Inc. v. Kotek*, No. 2:22-cv-1815-IM (D. Or.); *Fitz v. Rosenblum*, No. 3:22-cv-1859-IM (D. Or.); *Eyre v. Rosenblum*, No. 3:22-cv-1862-IM (D. Or.); *Azzopardi v. Rosenblum*, No. 3:22-cv-1869-IM (D. Or.).

The district court consolidated the four actions.  After a weeklong bench trial, the court upheld the facial constitutionality of Measure 114 under the Second, Fifth, and Fourteenth Amendments of the U.S. Constitution.  The court did so in a written decision, issuing Findings of Fact and Conclusions of Law that totaled 122 pages, a copy of which is attached as an exhibit.  (Ex-1–222).  The bulk of the trial had focused on the constitutionality of the LCM restrictions under the Second Amendment, and the district court's decision likewise devoted most of its analysis to the LCM issue under the rubric of the Supreme Court's recent decision in *New York State Rifle & Pistol Ass'n v. Bruen*, 142 S. Ct. 2111 (2022).  (Ex-19–99).

Page 4 - MOTION TO HOLD APPEAL IN ABEYANCE AND TO SUSPEND THE BRIEFING SCHEDULE

RAK:aw2\932272862

Department of Justice
1162 Court St NE
Salem, OR  97301
(503) 378-4402

Each plaintiff group filed separate notices of appeal. *Fitz*, No. 23-35478 (9th Cir.); *Azzopardi*, No. 23-35479 (9th Cir.); *Eyre*, No. 23-35539 (9th Cir.); *Or. Firearms Fed'n*, No. 23-35540 (9th Cir.). This Court then granted Defendants-Appellees' unopposed motion to consolidate the four appeals and, in doing so, set a consolidated briefing schedule: Opening briefs are currently due December 4, 2023, and answering briefs are due January 3, 2024. (Docket Entry No. 9).

### 2. Proceedings in *Duncan*

*Duncan* similarly concerns the federal constitutionality of a state law that restricts large-capacity magazines with a capacity of more than 10 rounds—there, from California. An en banc panel of this Court previously upheld the facial constitutionality of California's LCM restrictions under both the Second and Fifth Amendments to the U.S. Constitution. *Duncan v. Bonta*, 19 F.4th 1087, 1111, 1113 (9th Cir. 2021) (en banc).

While a cert petition in *Duncan* was pending, the Supreme Court decided *Bruen*. There, the Supreme Court established a two-step test for assessing the constitutionality of firearms regulations under the Second Amendment. First, a plaintiff must establish that the weapon in question is a bearable arm "in common use today for self-defense." *Bruen*, 142 S. Ct. at 2134 (internal quotation marks omitted). If so, then the government must establish that the challenged regulation

Page 5 - MOTION TO HOLD APPEAL IN ABEYANCE AND TO SUSPEND THE BRIEFING SCHEDULE
RAK:aw2\932272862

Department of Justice
1162 Court St NE
Salem, OR 97301
(503) 378-4402

"is consistent with the Nation's historical tradition of firearm regulation." *Id.* at 2130. One week later, the Supreme Court vacated and remanded the initial *Duncan* en banc decision for reconsideration in light of *Bruen*. *Duncan v. Bonta*, 142 S. Ct. 2895 (2022).

This Court, on remand from the Supreme Court, remanded to the district court for consideration of *Bruen* in the first instance. *Duncan v. Bonta*, 49 F.4th 1228, 1231 (9th Cir. 2022) (en banc). On remand from this Court, the district court ruled that California's restrictions on large-capacity magazines violate the Second Amendment and enjoined their enforcement by the state. *Duncan v. Bonta*, No. 17-cv-1017-BEN, 2023 WL 6180472, at *35 (S.D. Cal. Sept. 22, 2023).

The constitutionality of California's law is now back before this Court, specifically, the en banc court. The *Duncan* en banc panel accepted California's appeal as a comeback case from the prior en banc proceedings. No. 23-55805 (9th Cir.) (Docket Entry No. 3). As a result, the *Duncan* en banc panel now will examine the constitutionality, under *Bruen*, of California's restrictions on large-capacity magazines, namely, magazines with a capacity of more than ten rounds. The en banc panel subsequently issued a briefing schedule and calendared oral argument for the week of March 18, 2024; the panel also stayed the district court's injunction pending disposition of the en banc appeal. (Docket Entry Nos. 12, 13).

Page 6 - MOTION TO HOLD APPEAL IN ABEYANCE AND TO SUSPEND THE BRIEFING SCHEDULE
  RAK:aw2\932272862

Department of Justice
1162 Court St NE
Salem, OR 97301
(503) 378-4402

**B.     Argument**

This Court has the inherent authority to manage its own docket, including by holding appeals in abeyance where appropriate. In particular, "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936). To determine whether to stay proceedings, the Court generally examines "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)).

Here, the factors all counsel in favor of holding this appeal in abeyance pending the en banc resolution of *Duncan*. The two central questions in this case are whether Measure 114's dual firearm provisions—(1) restricting magazines with a capacity of more than ten rounds, and (2) requiring a permit to purchase a firearm—pass constitutional muster under the Second Amendment in light of *Bruen*, 142 S. Ct. 2111. The *Duncan* en banc panel will resolve or, at a minimum,

Page 7 - MOTION TO HOLD APPEAL IN ABEYANCE AND TO SUSPEND THE
                BRIEFING SCHEDULE
            RAK:aw2\932272862

Department of Justice
1162 Court St NE
Salem, OR  97301
(503) 378-4402

greatly inform the answer to the first question. *See Duncan v. Bonta*, 83 F.4th 803, 806 (9th Cir. 2023) (en banc) (staying the district court's injunction in *Duncan* pending resolution of en banc proceedings; citing the district court order at issue in this case as raising similar legal questions to *Duncan*). As noted above, the great majority of the trial proceedings, record, and legal analysis below concerned that question of law. As such, proceeding with the appeal at this juncture would expend litigant and judicial resources needlessly. Regardless of how the parties initially brief and argue the issue to the Court, re-briefing and, potentially, re-argument would be necessary to consider and address the controlling import of *Duncan*'s resolution on the LCM issue in this case. A stay pending *Duncan* thus would prevent a duplicative expenditure of litigant and judicial resources.

In addition, no party would experience hardship from a stay. The *Duncan* en banc panel is proceeding apace and, in any event, will ultimately control the Court's application and analysis of *Bruen* to state restrictions on LCMs. *See Miller v. Gammie*, 335 F.3d 889, 893, 899–900 (9th Cir. 2003) (en banc) (delineating when three-judge panels are bound by prior precedent). In other words, not staying the proceedings will not speed up the Court's resolution of this appeal. Moreover, plaintiffs would not experience prejudice from a stay. Plaintiffs sued below seeking injunctive relief against Measure 114. Although the district court denied

Page 8 - MOTION TO HOLD APPEAL IN ABEYANCE AND TO SUSPEND THE BRIEFING SCHEDULE

RAK:aw2\932272862

Department of Justice
1162 Court St NE
Salem, OR 97301
(503) 378-4402

plaintiffs their requested relief, a state trial court has enjoined the law in its entirety in separate state proceedings, which remain ongoing. *See Arnold v. Kotek*, No. 22CV41008 (Harney Cnty. Cir. Ct. Jan. 5, 2023) (amended order extending preliminary injunctive relief against Oregon Ballot Measure 114). To the contrary, holding the appeal in abeyance would give all parties the benefit of avoiding unnecessary and duplicative litigation.

**C. Conclusion**

The Court should hold these consolidated appeals in abeyance and suspend the briefing schedule pending the en banc panel's resolution of *Duncan v. Bonta*, No. 23-55805 (9th Cir.).

Respectfully submitted,

ELLEN F. ROSENBLUM #753239
Attorney General
BENJAMIN GUTMAN #160599
Solicitor General


/s/ Robert A. Koch
_____
ROBERT A. KOCH #072004
Assistant Attorney General
robert.a.koch@doj.state.or.us

Attorneys for State Defendants-Appellees

Page 9 - MOTION TO HOLD APPEAL IN ABEYANCE AND TO SUSPEND THE BRIEFING SCHEDULE
RAK:aw2\932272862

Department of Justice
1162 Court St NE
Salem, OR 97301
(503) 378-4402

# CERTIFICATE OF SERVICE

I hereby certify that on November 13, 2023, I directed the Motion to Hold Appeal in Abeyance and to Suspend the Briefing Schedule to be electronically filed with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

/s/ Robert A. Koch
ROBERT A. KOCH #072004
Assistant Attorney General
robert.a.koch@doj.state.or.us

Attorney for State Defendants-Appellees

RAK:aw2\932272862